IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAKEN DUCKETT | : | |
| 1123 5th Avenue, Apt. 207 | : | CIVIL ACTION-LAW |
| New Kensington, PA 15068 | : | |
|     and | : | |
| DENEEN SPRINGS | : | |
| 1137 Taylor Avenue | : | |
| New Kensington, PA 15068 | : | |
| | : | |
|     v. | : | NO. 2:25-cv-529 |
| | : | |
| UNITED STATES OF AMERICA | : | |
| c/o Attorney General of the United States | : | |
| U.S. Department of Justice | : | |
| 950 Pennsylvania Avenue, NW | : | |
| Washington, DC 20530-0001 | : | |
|     and | : | |
| UNITED STATES POSTAL SERVICE | : | |
| c/o Chief Counsel, Torts | : | |
| General Law Service Center | : | |
| USPS National Tort Center | : | |
| 1720 Market Street, Room 2400 | : | |
| St. Louis, MO 63155-9948 | : | |
|     and | : | |
| JOHN DOE | : | |

**COMPLAINT**

**PARTIES**

1. Plaintiff Laken Duckett is an adult individual residing at 1123 5th Avenue, Apt. 207, New Kensington, PA 15068.

2. Plaintiff Deneen Springs is an adult individual residing at 1137 Taylor Avenue, New Kensington, PA 15068.

3. Defendant United States of America (hereinafter "USA") is a governmental entity to be served at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

4. Defendant United States Postal Service (hereinafter "USPS") is a governmental entity located at 1720 Market Street, Room 2400, St. Louis, MO 63155-9948.

5. Defendant John Doe is an unknown individual employed by Defendants United States of America and United States Postal Service.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671.

7. On February 23, 2024, Plaintiff submitted an Administrative Claim for the claim set forth below to the National Tort Claims Center, United States Postal Service.

8. More than six months have elapsed since the submission of the Administrative Claim and all conditions precedent to a Federal Tort Claims Act have been met.

9. Venue is proper in this district because the incident occurred in the Western District of Pennsylvania.

## FACTUAL ALLEGATIONS

10. On May 10, 2023, at approximately 9:00 a.m., Plaintiff Laken Duckett was operating her 2015 Chrysler Town and Country into the private parking lot of the Valero gas station located at 700 7th Street, New Kensington, Pennsylvania.

11. At the aforementioned date, time, and location, Plaintiff Deneen Springs was a passenger in the vehicle operated by Plaintiff Laken Duckett.

12. At the aforementioned date, time, and location, a United States Postal Service (hereinafter "USPS") truck bearing the identification number 5210331 was left by Defendant John Doe, an unknown USPS employee, in the course and scope of their employment with the

United States of America and/or the United States Postal Service, in the private parking lot of the Valero gas station located at 700 7th Street, New Kensington, Pennsylvania.

13. On the date and place aforesaid, the unoccupied USPS truck rolled backwards and slammed violently into the vehicle being operated by Plaintiff Laken Duckett.

14. As a result of the accident, Plaintiffs suffered serious injuries and damages set forth below.

15. The incident was caused solely due to the negligence and carelessness of Defendants and was due in no part to any act or failure to act on the part of Plaintiffs.

## COUNT I
## PLAINTIFF LAKEN DUCKETT v. DEFENDANT UNITED STATES OF AMERICA

16. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 15 as though the same were set forth more fully at length herein.

17. At all relevant times, Defendant John Doe was acting in the course of his employment and/or agency relationship with Defendant United States of America and accordingly, Defendant United States of America is liable for his conduct.

18. Defendant United States of America was careless and negligent in:

　a. Failing to properly park the USPS truck;

　b. Failing to engage the parking brake;

　c. Abandoning the USPS truck while still in gear;

　d. Allowing an unoccupied USPS truck to strike another car;

　e. Causing an unoccupied USPS to strike another car;

　f. Driving while distracted;

　g. Failing to properly pay attention to traffic conditions;

　h. Failing to stop its vehicle in time to avoid the collision;

      i. Failing to take evasive maneuvers to prevent the collision;

      j. Being inattentive and otherwise distracted from the task at hand;

      k. Failing to properly maintain the USPS truck;

      l. Failing to keep the USPS truck in proper and working condition;

      m. Failing to properly control and direct its agent, John Doe;

      n. Entrusting its vehicle to Defendant John Doe;

      o. Entrusting its vehicle to a person who was not in proper condition to drive;

      p. Failing to properly supervise Defendant John Doe; and

      q. Failing to abide by the statutes of the United States of America, Commonwealth of Pennsylvania, and other governmental entities.

19. As a direct result of the negligence of Defendant, Plaintiff Laken Duckett suffered injuries including but not limited to: cervical radiculopathy radiating down right arm to right hand pain; lumbar radiculopathy; lumbar sprain and strain; neuralgia; paresthesia; thoracic sprain and strain; sacroiliitis; right hip sprain and strain; cervical disc injury; cervical radiculopathy; cervical sprain and strain; cervical disc bulging at C4-C5; disc height loss at C3-C4 and C4-C5; flattening of thecal sac at C3-C4 and C4-C5; facet arthrosis; facet hypertrophy at L4-L5 and L5-S1; muscle spasm; and injury to the nerves/nervous system and other injuries and/or exacerbations which may or are currently unknown to Plaintiff, any and all of which represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs the ability to perform her daily life activities.

20. As a result of the aforesaid accident, Plaintiff has in the past and may in the future undergo severe pain and suffering as a result of which Plaintiff has in the past and may in the future, be unable to attend to Plaintiff's usual duties and activities, all to Plaintiff's great financial loss and detriment.

21. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future undergo financial and emotional distress, which has in the past and may in the future cause severe economic losses.

22. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future, be obliged to receive and undergo medical care, to expend various sums of money and to incur various expenses for the injuries which Plaintiff has suffered, and may be obliged to continue to expend such sums or incur expenditures for an indefinite period of time in the future.

23. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future, suffer a loss of earnings and/or an impairment of earning capacity and/or power, and may incur such loss for an indefinite time in the future.

24. As a direct and reasonable result of the accident, Plaintiff has suffered economic damage as a result of property damage.

WHEREFORE, Plaintiff Laken Duckett respectfully requests that Defendant United States of America be found liable in an amount in excess of $150,000 together with costs and other such relief as the Court deems appropriate.

## COUNT II
## PLAINTIFF LAKEN DUCKETT v. DEFENDANT UNITED STATES POSTAL SERVICE

25. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 24 as though the same were set forth more fully at length herein.

26. At all relevant times, Defendant John Doe was acting in the course of his employment and/or agency relationship with Defendant United States Postal Service and accordingly, Defendant United States Postal Service is liable for his conduct.

27. Defendant United States Postal Service was careless and negligent in:

   a. Failing to properly park the USPS truck;

   b. Failing to engage the parking brake;

   c. Abandoning the USPS truck while still in gear;

   d. Allowing an unoccupied USPS truck to strike another car;

   e. Causing an unoccupied USPS to strike another car;

   f. Driving while distracted;

   g. Failing to properly pay attention to traffic conditions;

   h. Failing to stop its vehicle in time to avoid the collision;

   i. Failing to take evasive maneuvers to prevent the collision;

   j. Being inattentive and otherwise distracted from the task at hand;

   k. Failing to properly maintain the USPS truck;

   l. Failing to keep the USPS truck in proper and working condition;

   m. Failing to properly control and direct its agent, John Doe;

   n. Entrusting its vehicle to Defendant John Doe;

   o. Entrusting its vehicle to a person who was not in proper condition to drive;

   p. Failing to properly supervise Defendant John Doe; and

   q. Failing to abide by the statutes of the United States of America, Commonwealth of Pennsylvania, and other governmental entities.

28. As a result of the conduct of Defendant, Plaintiff suffered the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff Laken Duckett respectfully requests that Defendant United States Postal Service be found liable in an amount in excess of $150,000 together with costs and other such relief as the Court deems appropriate.

## COUNT III
## PLAINTIFF LAKEN DUCKETT v. DEFENDANT JOHN DOE

29. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 28 as though the same were set forth more fully at length herein.

30. Defendant John Doe was careless and negligent in:

   a. Failing to properly park the USPS truck;

   b. Failing to engage the parking brake;

   c. Abandoning the USPS truck while still in gear;

   d. Allowing an unoccupied USPS truck to strike another car;

   e. Causing an unoccupied USPS to strike another car;

   f. Driving while distracted;

   g. Failing to properly pay attention to traffic conditions;

   h. Failing to stop its vehicle in time to avoid the collision;

   i. Failing to take evasive maneuvers to prevent the collision;

   j. Being inattentive and otherwise distracted from the task at hand;

   k. Failing to properly maintain the USPS truck;

   l. Failing to keep the USPS truck in proper and working condition; and,

   m. Failing to abide by the statutes of the United States of America, Commonwealth of Pennsylvania, and other governmental entities.

31. As a result of the conduct of Defendant, Plaintiff suffered the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff Laken Duckett respectfully requests that Defendant John Doe be found liable in an amount in excess of $150,000 together with costs and other such relief as the Court deems appropriate.

## COUNT IV
## PLAINTIFF DENEEN SPRINGS v. DEFENDANT UNITED STATES OF AMERICA

32. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 31 as though the same were set forth more fully at length herein.

33. At all relevant times, Defendant John Doe was acting in the course of his employment and/or agency relationship with Defendant United States of America and accordingly, Defendant United States of America is liable for his conduct.

34. Defendant United States of America was careless and negligent in:

   a. Failing to properly park the USPS truck;

   b. Failing to engage the parking brake;

   c. Abandoning the USPS truck while still in gear;

   d. Allowing an unoccupied USPS truck to strike another car;

   e. Causing an unoccupied USPS to strike another car;

   f. Driving while distracted;

   g. Failing to properly pay attention to traffic conditions;

   h. Failing to stop its vehicle in time to avoid the collision;

   i. Failing to take evasive maneuvers to prevent the collision;

   j. Being inattentive and otherwise distracted from the task at hand;

    k. Failing to properly maintain the USPS truck;

    l. Failing to keep the USPS truck in proper and working condition;

    m. Failing to properly control and direct its agent, John Doe;

    n. Entrusting its vehicle to Defendant John Doe;

    o. Entrusting its vehicle to a person who was not in proper condition to drive;

    p. Failing to properly supervise Defendant John Doe; and

    q. Failing to abide by the statutes of the United States of America, Commonwealth of Pennsylvania, and other governmental entities.

35. As a direct result of the negligence of Defendant, Plaintiff Deneen Springs suffered injuries including but not limited to: cervical radiculopathy; cervical sprain and strain; lumbar radiculopathy; lumbar sprain and strain radiating down right leg into right foot; right shoulder impingement; right shoulder sprain and strain radiating down right arm into right hand; neuralgia; paresthesia; back wall of thorax sprain and strain; thoracic sprain and strain; right hip sprain and strain; degeneration of bilateral hips with joint space narrowing; arthralgia; myalgia; right knee sprain and strain; right knee osteoarthritis; right knee tricompartmental chondrosis advanced medial degeneration and free edge fraying of medial meniscus; muscle spasm; and injury to the nerves/nervous system and other injuries and/or exacerbations which may or are currently unknown to Plaintiff, any and all of which represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs the ability to perform her daily life activities.

36. As a result of the aforesaid accident, Plaintiff has in the past and may in the future undergo severe pain and suffering as a result of which Plaintiff has in the past and may in the future, be unable to attend to Plaintiff's usual duties and activities, all to Plaintiff's great financial loss and detriment.

37. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future undergo financial and emotional distress, which has in the past and may in the future cause severe economic losses.

38. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future, be obliged to receive and undergo medical care, to expend various sums of money and to incur various expenses for the injuries which Plaintiff has suffered, and may be obliged to continue to expend such sums or incur expenditures for an indefinite period of time in the future.

39. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future, suffer a loss of earnings and/or an impairment of earning capacity and/or power, and may incur such loss for an indefinite time in the future.

40. As a direct and reasonable result of the accident, Plaintiff has suffered economic damage as a result of property damage.

WHEREFORE, Plaintiff Deneen Springs respectfully requests that Defendant United States of America be found liable in an amount in excess of $150,000 together with costs and other such relief as the Court deems appropriate.

## COUNT II
## PLAINTIFF DENEEN SPRINGS V. DEFENDANT UNITED STATES POSTAL SERVICE

41. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 40 as though the same were set forth more fully at length herein.

42. At all relevant times, Defendant John Doe was acting in the course of his employment and/or agency relationship with Defendant United States Postal Service and accordingly, Defendant United States Postal Service is liable for his conduct.

43. Defendant United States Postal Service was careless and negligent in:

    a. Failing to properly park the USPS truck;

    b. Failing to engage the parking brake;

    c. Abandoning the USPS truck while still in gear;

    d. Allowing an unoccupied USPS truck to strike another car;

    e. Causing an unoccupied USPS to strike another car;

    f. Driving while distracted;

    g. Failing to properly pay attention to traffic conditions;

    h. Failing to stop its vehicle in time to avoid the collision;

    i. Failing to take evasive maneuvers to prevent the collision;

    j. Being inattentive and otherwise distracted from the task at hand;

    k. Failing to properly maintain the USPS truck;

    l. Failing to keep the USPS truck in proper and working condition;

    m. Failing to properly control and direct its agent, John Doe;

    n. Entrusting its vehicle to Defendant John Doe;

    o. Entrusting its vehicle to a person who was not in proper condition to drive;

    p. Failing to properly supervise Defendant John Doe; and

    q. Failing to abide by the statutes of the United States of America, Commonwealth of Pennsylvania, and other governmental entities.

44. As a result of the conduct of Defendant, Plaintiff suffered the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff Deneen Springs respectfully requests that Defendant United States Postal Service be found liable in an amount in excess of $150,000 together with costs and other such relief as the Court deems appropriate.

## COUNT III
## PLAINTIFF DENEEN SPRINGS V. DEFENDANT JOHN DOE

45. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 44 as though the same were set forth more fully at length herein.

46. Defendant John Doe was careless and negligent in:

   a. Failing to properly park the USPS truck;

   b. Failing to engage the parking brake;

   c. Abandoning the USPS truck while still in gear;

   d. Allowing an unoccupied USPS truck to strike another car;

   e. Causing an unoccupied USPS to strike another car;

   f. Driving while distracted;

   g. Failing to properly pay attention to traffic conditions;

   h. Failing to stop its vehicle in time to avoid the collision;

   i. Failing to take evasive maneuvers to prevent the collision;

   j. Being inattentive and otherwise distracted from the task at hand;

   k. Failing to properly maintain the USPS truck;

   l. Failing to keep the USPS truck in proper and working condition; and,

   m. Failing to abide by the statutes of the United States of America, Commonwealth of Pennsylvania, and other governmental entities.

47. As a result of the conduct of Defendant, Plaintiff suffered the injuries and damages set forth above and incorporated by reference.

WHEREFORE, Plaintiff Deneen Springs respectfully requests that Defendant John Doe be found liable in an amount in excess of $150,000 together with costs and other such relief as the Court deems appropriate.

Respectfully Submitted,

Dated: April 16, 2025          By: _____
DENNIS M. ABRAMS, ESQUIRE
PA ID No.: 40184
Lowenthal & Abrams, P.C.
555 E. City Avenue, Suite 500
Bala Cynwyd, PA  19004
Main: (610) 667-7511
Fax: (610) 667-3440
dennis@lowenthalabrams.com

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all issues herein.

Respectfully Submitted,

Dated: <u>April 16, 2025</u>    By: _____
DENNIS M. ABRAMS, ESQUIRE
PA ID No.: 40184
Lowenthal & Abrams, P.C.
555 E. City Avenue, Suite 500
Bala Cynwyd, PA  19004
Main: (610) 667-7511
Fax: (610) 667-3440
dennis@lowenthalabrams.com